IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT LINCOLN, NEBRASKA

| | | |
|---|---|---|
| TERRY L. COON, | ) | Case No.: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND REQUEST** |
| | ) | **FOR JURY TRIAL AT LINCOLN** |
| UNION PACIFIC RAILROAD COMPANY, a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Plaintiff, Terry L. Coon, by and through his attorney, James L. Cox, Jr.,

of Rossi, Cox & Vucinovich, P.C., and by way of claim against Defendant alleges, avers and

states:

FIRST CLAIM FOR RELIEF
45 U.S.C. §§ 51 - 60
FEDERAL EMPLOYERS' LIABILITY ACT

1.      At all times herein mentioned, Defendant, Union Pacific Railroad Company, a

corporation, was and is now a duly-organized and existing corporation doing business in the

State of Nebraska and other states.  Defendant was at all times herein mentioned and is now

engaged in the business of a common carrier by railroad in interstate commerce in Nebraska and

other states.

2.      At all times herein mentioned, part of Plaintiff's duties as an employee of

Defendant were in the furtherance of and directly or closely or substantially affected said

interstate commerce.

3.      The injuries sustained by Plaintiff hereinafter enumerated arose in the course of

Plaintiff's employment with Defendant.

4.      Plaintiff brings this action against Defendant under the provisions of 45 U.S.C.,
§§ 51 to 60, *et. seq.* ("The Federal Employers' Liability Act"); regulations promulgated under the
authority of those sections; and other federal safety laws.

5.      Under the terms of the Federal Employers' Liability Act this court has
jurisdiction.

6.      On June 20, 2004, Plaintiff was employed by Defendant, Union Pacific Railroad
Company, a corporation, as an engineer near North Platte, Nebraska.

7.      On June 20, 2004, Plaintiff was performing his work as an engineer when the cab
of the locomotive he was operating became filled with the aroma of rotten eggs.  The cause of the
smell was fumes from a battery or batteries in the locomotive malfunctioning.

8.      Plaintiff was able to get out of the cab within several minutes, but began
coughing, experiencing hemoptysis, shortness of breath, difficulty breathing, and other problems

9.      At said time and place, Defendant, Union Pacific Railroad Company, had the
duty, among others, to exercise ordinary care to provide its employees with a reasonably safe
place to work, in, among other things:

   a.      The duty to inspect, maintain, and repair the locomotives, and
           batteries in the locomotives used on its line;

   b.      The duty to respond to and take reasonable efforts to prevent from
           happening again incidents where employees of Defendant are
           subjected to or likely to encounter toxic or noxious fumes in its
           locomotives;

   c.      The duty to comply with 49 C.F.R. Chapter II (10-1-03 Edition),

2

F.R.A. D.O.T. §229.7(a)(1) and (2), Prohibited acts.

    d.    The duty to comply with 49 C.F.R. Chapter II (10-1-03 Edition),

F.R.A. D.O.T. §229.43, Exhaust and battery gases.

    e.    Failure to comply with 49 C.F.R. (10-1-04 Edition) F.R.A. D.O.T.

§229.45, General condition.

    f.    The duty to comply with 49 C.F.R. U.S.C. §20701.

10.    Defendant, through its agents, servants and employees other than the Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer the injuries hereinafter enumerated.

11.    By reason of the facts hereinabove set forth and as a result thereof, Plaintiff suffered the following injuries:

    a.    inhalation of noxious fumes;

    b.    chemical exposure with wheezing;

    c.    headaches;

    d.    obstructive airway disease;

    e.    irritant exposure with reactive airway disease; and

    f.    early COPD.

12.    Plaintiff's injuries hereinabove enumerated have been painful and disabling, and for an indefinite time in the future will be painful and disabling, and have and will in the future cause Plaintiff mental and physical pain and suffering.

13.    Plaintiff's injuries hereinabove enumerated have impaired the Plaintiff's ability to enjoy life and will impair in the future Plaintiff's ability to enjoy life.

3

14.     By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays and hospitalization in a sum as yet unascertainable.  Plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

15.     By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff will incur a further indebtedness for medical attention

16.     By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in the future sustain loss of wages, impairment of earning capacity and loss of fringe benefits, all to his damage, in an amount as yet unascertainable.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

<u>SECOND CLAIM FOR RELIEF</u>
VIOLATION OF FEDERAL REGULATION
49 C.F.R. Chapter II (10-1-03 Edition)
FEDERAL RAILROAD ADMINISTRATION, D.O.T. §229.7

17.     Plaintiff incorporates Paragraphs 1 through 16 in his First Claim for Relief.

18.     49 C.F.R. Chapter II (10-1-03 Edition) F.R.A. D.O.T., §229.7, Prohibited acts, states:

"(a)  The Locomotive Inspection Act (45 U.S.C. 22-34) makes it

4

unlawful for any carrier to use or permit to be used on its line any locomotive and its appurtenances –
       "(1) Are in proper condition and safe to operate in the service to which they are put, without unnecessary peril to   life or limb; and
       "(2)  Have been inspected and tested as required by this part."

19.    A violation of this regulation results in absolute liability on Defendant for any injuries suffered by Plaintiff as a result of said violation.

20.    As a result of said violation, Plaintiff was caused to suffer the injuries above enumerated, and to incur the damages above enumerated.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

<u>THIRD CLAIM FOR RELIEF</u>
VIOLATION OF FEDERAL REGULATION
49 C.F.R. Chapter II (10-1-03 Edition)
FEDERAL RAILROAD ADMINISTRATION, D.O.T. §229.45

21.    Plaintiff incorporates Paragraphs 1 through 16 in his First Claim for Relief.

22.    49 C.F.R. Chapter II (10-1-03 Edition) F.R.A. D.O.T., §229.45, General condition, states:

"All systems and components on a locomotive shall be free of conditions that endanger the safety of the crew …These conditions include … improper functioning of components …"

23.    A violation of this regulation results in absolute liability on Defendant for any injuries suffered by Plaintiff as a result of said violation.

5

24.     As a result of said violation, Plaintiff was caused to suffer the injuries above enumerated, and to incur the damages above enumerated.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
VIOLATION OF FEDERAL LOCOMOTIVE INSPECTION ACT
49 C.F.R. U.S.C. §20701

25.     Plaintiff incorporates Paragraphs 1 through 16 in his First Claim for Relief.

26.     49 U.S.C. §20701, Requirements for use, states:

"A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and it parts and appurtenances --
        "(1)  are in proper condition and safe to operate without unnecessary danger of personal injury;
        "(2)  have been inspected as required under this chapter and regulations prescribed by the Secretary of Transportation under the chapter; and
        "(3)  can withstand every test prescribed by the Secretary under this chapter."

27.     A violation of this statute results in absolute liability on Defendant for any injuries suffered by Plaintiff as a result of said violation.

28.     At said time and place, the locomotive was in violation of 49 U.S.C. §20701.

29.     As a result of said violation, Plaintiff was caused to suffer the injuries above enumerated, and to incur the damages above enumerated.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to

6

compensate him for his general damages, together with such special damages as may hereinafter

be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other

relief this honorable Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED

HEREIN.

Signed at Denver, Colorado this 19th day of June, 2007.


By:     s/JAMES L. COX, JR.
        James L. Cox, Jr.
        Attorney for Plaintiff
        ROSSI, COX & VUCINOVICH, P.C.
        3801 E. Florida Ave., Suite 905
        Denver, CO  80210-2500
        (303) 759-3500
        (303) 759-3180 fax
        jcox@rcvpc.com


Plaintiff's address:
1306 West 6th Street
North Platte, NE  69101-7136

7